Filed:  October 8, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 95-1735
(Tax Ct. No. 92-6721)

Herbert H. Bauer,

Petitioner - Appellant,

versus

Commissioner of the Internal Revenue Service,

Respondent - Appellee.

O R D E R

The Court amends its opinion filed July 30, 1996, as follows:

On the cover sheet, section 1 -- the status is changed from UNPUBLISHED to "PUBLISHED."

On the cover sheet, section 6 -- the status line is corrected to read "Affirmed by published per curiam opinion."

On page 2, section 1 -- the section dealing with use of unpublished opinions as precedent is deleted.

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HERBERT H. BAUER,
Petitioner-Appellant,

v.

No. 95-1735

COMMISSIONER OF THE INTERNAL
REVENUE SERVICE,
Respondent-Appellee.

On Appeal from the United States Tax Court.
(Tax Ct. No. 92-6721)

Argued: July 9, 1996

Decided: July 30, 1996

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Allen Worth, Greensboro, North Carolina, for
Appellant. Andrea R. Tebbets, Tax Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON
BRIEF:** Loretta C. Argrett, Assistant Attorney General, Gary R.
Allen, Ann B. Durney, Tax Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee.

_____

**OPINION**

PER CURIAM:

Herbert H. Bauer appeals the United States Tax Court's decision and order dismissing his case for lack of prosecution and sustaining the Commissioner of Internal Revenue's determination that Bauer owed $176,655 in United States federal income taxes and additions.[1] We affirm.

I.

In November 1991 Bauer, a citizen and resident of Hamburg, Germany, received a Notice of Deficiency from the Commissioner of Internal Revenue (the "Commissioner") informing him that he was deficient in his United States federal income taxes for the tax years 1984 through 1987, as well as for penalties accrued from his failure to pay federal income taxes. Bauer's tax deficiencies resulted from his failure to report as income monies he received from Carolina Parachute Corporation ("CPC"), a North Carolina corporation owned by two German companies of which Bauer was the sole owner.

On March 30, 1992, Bauer filed a pro se petition in the Tax Court for redetermination of the deficiencies and additions to tax, contending that the monies he had received from CPC were interest payments on advancements in excess of one million dollars that his German corporations had loaned CPC. He further informed the Tax Court of his present inability to come to the United States to resolve his defi-

_____

[1] This sum includes a $133,315 tax deficiency for tax years 1984 through 1987, plus additions to tax for failure to file timely returns or pay tax in violation of 26 U.S.C. § 6651(a)(1); for negligence in violation of 26 U.S.C. §§ 6653(a)(1) and (2); for failure by individual to pay estimated income tax in violation of 26 U.S.C. § 6654; and for substantial understatement of liability in violation of 26 U.S.C. § 6661.

2

ciencies because he was detained in Tripoli, Libya without permission to leave. Attached to Bauer's petition was a statement from the German Embassy in Tripoli indicating Bauer's residence permit had expired and that efforts to obtain an exit visa for him were underway.

On July 23, 1992, Bauer's secretary in Hamburg, Germany, filed a motion for leave to file an amendment to the petition. Although the motion was delivered through his Hamburg office, Bauer apparently signed it in Tripoli, Libya. The Tax Court granted the motion and filed the amended petition on September 9, 1992.

On September 16, 1992, the Tax Court notified the parties (1) that the case was set for trial on February 22, 1993, in Winston-Salem, North Carolina; (2) that both parties were expected to be present on that date and be prepared to try the case; (3) that a party's failure to appear may result in dismissal of the case and entry of decision against it; and (4) that although the Tax Court will try to accommodate the parties in fixing a trial date, the final determination rests in the court's discretion. A standing pre-trial order accompanied the notice.

On January 21, 1993, the Commissioner filed a motion for continuance of trial asking the Tax Court to strike the case from its calendar and to restore it to the general docket because she had been unable to reach either Bauer or his secretary, and that she had not received any communications from them since July 16, 1992. In her motion the Commissioner also requested that the Tax Court order the parties to file status reports by July 14, 1993. The Tax Court granted the Commissioner's motion.

The Commissioner's status report of July 8, 1993, indicated, inter alia, that Bauer's secretary wrote the Commissioner on June 15 and July 7, 1993. The June 15 letter requested that Bauer have until September 30, 1993, to file his status report. The Commissioner responded that under the Tax Court rules Bauer's secretary could not be recognized as petitioner's legal representative. The July 7 correspondence indicated that Bauer was unable to timely file his report because he was still in Libya and that he would be returning to the United States as soon as possible for trial preparation. Because of the correspondence the Commissioner's status report stressed:

3

[T]here can be no meaningful trial preparation without the personal participation of [Bauer]. This case is not currently on a calendar, and so [Bauer's] inability to begin trial preparation is not a critical matter. At such time as this case does appear on a calendar, it will be a critical matter, and if petitioner's inability continues at that time, [the Commissioner] will be obliged to move to dismiss this case for lack of prosecution.

Bauer was served with the Commissioner's status report at his identified Hamburg address.

On July 16, 1993, the Tax Court ordered the case restored to the general docket. Eleven months later, on June 15, 1994, the Tax Court notified the parties that the case was set for trial on November 28, 1994, in Winston-Salem, North Carolina. The trial notice was identical to the one issued by the Tax Court in September 1992, and it contained the same standing pre-trial order.

At the November 28, 1994, calendar call, neither Bauer nor his counsel were present. Counsel for the Commissioner, therefore, moved to have the case dismissed for lack of prosecution. The following exchange occurred:

> THE COURT: I have not received anything in this case either from [the Commissioner] or from [Bauer]. So what is the status of the Bauer case?
>
> THE COMMISSIONER: Your Honor, [the Commissioner] intends to file a motion to dismiss this case for lack of prosecution. The reasons are stated in the motion, which I have prepared in writing to serve this morning. In particular, I had to file a status report about a year ago in this case, and in that status report I indicated that this case would be dismissed for lack of prosecution -- or at any rate I would move for dismissal -- if [Bauer] did not contact [the Commissioner] to get ready for trial preparation.
>
> THE COURT: Now what efforts have you made since the case was noticed for trial back in June -- June 15, 1994 -- what efforts have you made to contact [Bauer]?

4

THE COMMISSIONER: Your Honor, I have made no efforts. The last communication I received -- it is very difficult to contact [Bauer]. I received communications from his secretary [ ] in Germany. Bauer was allegedly in Libya and was not at liberty to leave.

After the notice of trial was issued, [Bauer's secretary] sent me a facsimile indicating that she had received the notice of trial and that Bauer would be shortly leaving and intended to contact me and would contact me and meet with me in Greensboro for trial preparation. That is the last communication I have received from [Bauer] as is set forth in my motion.

THE COURT: Okay. Do you have a copy of that communication attached to your motion?

THE COMMISSIONER: No, but I can make a copy of it and attach it. I only have one copy, so --

THE COURT: If you would make a copy -- make copies and attach them to your motion later during the session --

THE COMMISSIONER: All right, Your Honor.

THE COURT: The motion to dismiss for lack of prosecution will be granted based upon the circumstances recited by [the Commissioner].

THE COMMISSIONER: Thank you, Your Honor. And if it is all right, at the time that I have the copies I will also file the written motion.

THE COURT: Fine.

THE COMMISSIONER: Thank you.

(Whereupon, the calendar call was concluded.)

5

On December 22, 1994, the Tax Court entered an order and decision dismissing Bauer's case for failure to prosecute and sustaining the Commissioner's deficiency determinations. On March 20, 1995, Bauer retained an attorney, who on March 22, 1995, ninety days after the entry of decision, entered his appearance as Bauer's counsel and contemporaneously filed a motion to vacate under Tax Court Rule 162, and a motion for leave to file motion to vacate under Tax Court Rule 123(c) and 26 U.S.C. § 7481. Bauer's counsel also filed a notice of appeal of the Tax Court's December 22, 1994, dismissal order, requesting that it be held in abeyance until the Tax Court ruled on the motion for leave to file motion to vacate. In each motion, Bauer's counsel asserted that Bauer had been prevented from returning to the United States by "significant health problems" as well as "certain immigration and business problems in Africa." The Tax Court denied the motion for leave to file the motion to vacate, explaining that its ruling was made after careful consideration of the entire case history from the filing of Bauer's petition through the motion currently before the court. The Tax Court also noted that Bauer had neither met with the Commissioner's counsel as of the trial date nor had made any attempt to contact the Tax Court between September 1992 and March 1995.

Bauer appeals the Tax Court's December 22, 1994, decision and order.

II.

Bauer contends that the Tax Court's decision and order granting the Commissioner's motion to dismiss for lack of prosecution violated his due process rights because the Commissioner failed to serve him notice of its intent to move on that motion in violation of Tax Court Rules 50(a) and (f) and Rule 21.**2** The Tax Court's decision to

_____

**2** Tax Court Rule 50(a) provides:"An application to the Court for an Order shall be by motion in writing. . . . The motion shall show that prior notice thereof has been given to each other party or counsel for each other party and shall state whether there is any objection to the motion."

Rule 50(f) provides: "The Rules applicable to service of pleadings apply to service of motions. See Rule 21."

Rule 21 provides: "Except as otherwise required by these Rules or directed by the Court, all pleadings, motions . . . shall be served on each of the parties . . . ."

6

dismiss a case for lack of prosecution is not to be overturned, absent an abuse of discretion. <u>Hillig v. Commissioner</u>, 916 F.2d 171, 174 (4th Cir. 1990).

Although the Tax Court Rules that Bauer cites required the Commissioner to serve Bauer with her motion to dismiss, he ignores the fact that the Tax Court has discretional authority to dismiss any case <u>sua sponte</u> pursuant to Tax Court Rule 123(b), regardless of whether the Commissioner files a motion to dismiss.

Thus, Tax Court Rule 123(b) provides:

> For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

Dismissal for failure to prosecute typically occurs where a party fails to appear at trial. <u>Noli v. Commissioner</u>, 860 F.2d 1521, 1527 (9th Cir. 1988).

In determining whether to dismiss a case for failure to prosecute, a court considers the following four factors: (1) the plaintiff's degree of personal responsibility; (2) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; (3) the amount of prejudice caused the defendant; and (4) the effectiveness of sanctions less drastic than dismissal. <u>Hillig</u>, 916 F.2d at 174.

In the instant case, Bauer was solely responsible for his attendance at the calendar call. His secretary wrote the Commissioner on August 9, 1994, acknowledging the November 28, 1994, trial date and reporting Bauer's intention to be present. The secretary wrote:

> Mr. Bauer is now in the process of returning from Africa and will therefore come to the United States in a very short

7

> period of time to prepare for trial. He intends to meet with you as necessary for trial preparations in Greensboro. If the time available until the trial is not sufficient he will advise the Court after his meeting with you how much time he may need.

Other than the German Embassy's statement that Bauer was in Libya in 1992, there is no substantiated evidence before the Tax Court indicating that Bauer was unable to attend the November 28, 1994 proceedings. Bauer was obligated either to appear at the calendar call or to inform the Tax Court of his inability to be present.

Bauer's petition for redetermination languished for close to three years because he intentionally stalled the proceedings by filing for continuances and failing to submit status reports. Not once did he ever meet with the Commissioner to prepare for litigation, nor did he provide either the Tax Court or the Commissioner with any means of contacting him other than by his Hamburg address. Furthermore, Bauer never contacted the Tax Court regarding his inability to appear on November 28, 1994. In fact, Bauer had failed to contact the Tax Court after September 1992.

Bauer's delay of the proceedings prejudiced the Commissioner because it prevented her from preparing for trial and from obtaining a judicial resolution of the tax monies in dispute it sought to collect.

Bauer's stonewalling left the Tax Court with no alternative other than dismissal for failure to prosecute. No lesser sanctions exist that would have remedied Bauer's failure to appear to prosecute his case. Accordingly, the Tax Court did not abuse its discretion in dismissing Bauer's case for failure to prosecute.

III.

Bauer also contends that the Tax Court erred in not affording him special protection as a pro se petitioner. We disagree.

Evidence of record shows that, despite the fact that Bauer represented himself, he was savvy enough to forestall litigating his case for

8

close to three years since he received notice of his deficiencies in November 1991. In spite of his alleged detention in Libya, Bauer filed both a pro se petition and a motion for leave to file an amendment to the petition during 1992. And, in 1993, he successfully moved for an extension of time to file his status report. Bauer's failure to appear for trial, of which he had notice, is not excusable merely because he is a pro se litigant.

Furthermore, Bauer had the ability to obtain a lawyer to represent him in his absence. He was an international businessman with an established corporation in North Carolina. He had the ability to communicate with persons in the United States either directly or through his secretary in Germany. In fact, within ninety days after receiving the judgment against him, Bauer secured representation even though he was still outside of the United States. We see no reason why he could not have obtained counsel earlier.

Bauer's access to the Tax Court was barred by his own actions, not by the Tax Court's disposition of his case. Although trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially when a technical or arcane procedural rule is involved, such tolerance does not extend to a litigant's failure to appear in court without explanation or without contacting the court beforehand. Bauer was twice put on notice that his failure to appear may result in dismissal of his case and entry of decision against him. Accordingly, Bauer was not entitled to any preferential treatment.

IV.

Having reviewed Bauer's other arguments and finding them to be without merit, we affirm the Tax Court's decision and order dismissing Bauer's case for lack of prosecution.

AFFIRMED

9