108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth WRONKE, Plaintiff-Appellant,
v.
STATE OF ILLINOIS, et al., Defendants-Appellees.
 No. 96-3716.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 6, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Wronke was incarcerated for civil contempt in a state court proceeding for failing to pay child support arrearage which he was found financially able to pay. Mr. Wronke filed a complaint in federal district court pursuant to 42 U.S.C. § 1983 alleging various errors committed by a state trial court judge and the State of Illinois with respect to his civil contempt proceeding. The district court dismissed the plaintiff's petition for leave to proceed in forma pauperis under 28 U.S.C. § 1915(e)(2), and then denied Mr. Wronke's subsequent motion for reconsideration. Mr. Wronke appeals both the dismissal of his § 1983 claim and the denial of his motion to reconsider. We affirm.
 
 
 2
 Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to review state court determinations. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). District courts are barred from reviewing claims which are "inextricably intertwined" with a state court ruling. Feldman, 460 U.S. at 483 n. 16. Further, "a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter v. Ross, 992 F.2d 750, 754 (7th Cir.1993) (internal quotation omitted).
 
 
 3
 Mr. Wronke's complaint seeks relief against the state court judge and the State of Illinois for alleged procedural and constitutional errors in the civil contempt proceeding against him. "A defendant who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review[,]" which the lower federal courts lack jurisdiction to entertain in civil cases. Homola v. McNamara, 59 F.3d 647, 650 (7th Cir.1995); see also Garry v. Geils, 82 F.3d 1362, 1367-68 (7th Cir.1996); GASH Assoc. v. Village of Rosemont, Illinois, 995 F.2d 726, 728 (7th Cir.1993). Because the district court lacked subject matter jurisdiction over Mr. Wronke's claims, it did not abuse its discretion in dismissing the claim and denying the motion for reconsideration.
 
 
 4
 AFFIRMED.
 
 
 
 *
 By order of this court dated December 23, 1996, defendants Jeffrey B. Ford and the State of Illinois, which were not served in the trial court, were removed from the docket in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the appellant's brief and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)