T.C. Memo. 2001-93

UNITED STATES TAX COURT

MANUEL G. LOPEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4744-99.                    Filed April 17, 2001.

Manuel G. Lopez, pro se.

<u>Cheryl M.D. Rees</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case is before the Court on respondent's motion to dismiss for failure to properly prosecute, and motion for a penalty under section 6673.[1]  The issues before the Court are (1) whether, with respect to the

_____

    [1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

issues for which petitioner bears the burden of proof, this case should be dismissed for failure to properly prosecute; (2) whether petitioner should be held in default as to the issues on which respondent bears the burden of production and/or proof; namely, petitioner's liability for increased deficiencies and for additions to tax; and (3) whether a penalty should be awarded under section 6673.

By separate notices of deficiency issued December 7, 1998, respondent determined deficiencies in Federal income taxes and additions to tax as follows:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec.6651(a)(1) | Sec.6651(a)(2) | Sec.6654(a) |
| 1994 | $3,334 | $745.20 | $678.96 | $170.49 |
| 1995 | 5,060 | 1,128.37 | 727.17 | 273.52 |
| 1996 | 4,652 | 1,025.32 | 387.34 | 244.81 |

Background

The relevant facts may be summarized as follows. Petitioner resided in Gordonsville, Virginia, at the time the petition was filed.[2] The petition was filed on March 11, 1999, and Richmond, Virginia, was designated as the place of trial. In the answer

---

[2] It is unclear whether petitioner resided in Gordonsville, Va., or Fort Washington, Md. In the petition petitioner shows Gordonsville, Va., as his address; however, in his amended petition petitioner suggests that his residence was Fort Washington, Md. It does not appear that his residence affects any item. For purposes of appeal, both Maryland and Virginia are within the venue of the Court of Appeals for the Fourth Circuit.

filed May 3, 1999, respondent denied all errors alleged by petitioner.

The Court's Notice Setting Case for Trial and Standing Pretrial Order were served on February 25, 2000, and this case was calendared for trial on May 15, 2000.  In pertinent part, the standing pretrial order states:

> You are expected to begin discussions as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts. * * * All minor issues should be settled so that the Court can focus on the issue(s) needing a Court decision.
>
> *          *          *          *          *          *          *
>
> If any unexcused failure to comply with this Order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal, to prevent prejudice to the other party or imposition on the Court.
>
> *          *          *          *          *          *          *
>
> To effectuate the foregoing policies and an orderly and efficient disposition of all cases on the trial calendar, it is hereby
>
> ORDERED that all facts shall be stipulated to the maximum extent possible.  All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used to impeach the credibility of a witness. * * * If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party.  Any documents or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session.  The Court may refuse to receive in evidence any document or material not so stipulated or exchanged,

unless otherwise agreed by the parties or allowed by the Court for good cause shown.  It is further

*        *        *        *        *        *        *

ORDERED that all parties shall be prepared for trial at any time during the term of the trial session unless a specific date has been previously set by the Court. * * *

When this case was called on May 15, 2000, petitioner and counsel for respondent appeared.  In violation of the standing pretrial order, petitioner had not cooperated with respondent in preparing this case for trial.  No stipulation of facts had been signed despite respondent's efforts and petitioner's representations that he would enter into a stipulation.  Also in violation of the standing pretrial order, petitioner had with him at least five boxes of records many of which had not been previously made available to respondent.

The parties agreed in open court that petitioner's filing status for the years in issue was married filing jointly. Petitioner's wife, Rafaela B. Lopez, stated in open court that she consented to this treatment.  Because this case was not ready for trial, the Court continued the matter for trial to be held in Washington, D.C., within 90 days.  The Court ordered that petitioner cooperate with respondent in preparing this case for trial and provide his records in an organized fashion to respondent.  The Court also ordered that the parties meet immediately after the calendar call to facilitate negotiations and arrange for the exchange of documents.  This case was

subsequently recalendared for trial at Washington, D.C., commencing on September 19, 2000.

In subsequent meetings and negotiations with respondent, petitioner did not produce all of his records to respondent, and the records that were produced were tendered in an unorganized fashion. As a result, on June 12, 2000, respondent commenced formal discovery in the form of requests for admissions.

On July 6, 2000, Frank A. Thomas III (Mr. Thomas), entered an appearance as counsel for petitioner. Pursuant to petitioner's motion for continuance, a further continuance was granted, and this case was continued for trial on October 25, 2000. On July 21, 2000, petitioner filed a status report with the Court alleging compliance with the Court's order to produce his records. The items provided to respondent allegedly included summaries of petitioner's bank accounts, purchases shown in connection with Schedule C, Profit or Loss From Business, inventories, work sheets used in preparation of petitioner's tax returns, summaries of petitioner's Schedule E, Supplemental Income and Loss, activities by items of expense, depreciation schedules, other records pertaining to petitioner's expenses, and photocopies of petitioner's ledgers for the Schedule C expenses.

Respondent's status report sets forth a different version of petitioner's level of cooperation. Respondent stated that

petitioner had not yet responded to respondent's proposed supplemental stipulation of facts or to informal requests for information and documents.  Respondent represented that only slight progress had been made in preparing this case for trial since the May 15, 2000, calendar call.

On August 8, 2000, petitioner served requests for admissions and interrogatories on respondent.  Petitioner failed to seek informal discovery from respondent prior to initiating formal discovery.  See Rules 70(a)(1), 90(a); Branerton Corp. v. Commissioner, 61 T.C. 691, 692 (1974).[3]  As a result, respondent filed a motion for protective order pursuant to Rule 103(a)(2). The Court denied that motion as moot because of subsequent events.

In a telephone conference call held to resolve discovery issues on August 23, 2000, the Court again ordered petitioner to produce to respondent, on or before September 14, 2000, all documents and records organized by year and category of expense with the self-executing sanction that any documents or records not produced by that date would not be allowed into evidence at the trial scheduled to begin on October 25, 2000.

---

[3]  Requiring that parties make reasonable informal efforts to obtain needed information voluntarily before resorting to formal discovery.

On August 28, 2000, petitioner moved for leave to amend the petition. Petitioner's motion was granted, and the amended petition accompanying the motion was filed on August 30, 2000. The amended petition alleges that respondent failed to consider the tax returns for the taxable years 1994, 1995, and 1996 that petitioner had submitted to respondent on July 7, 2000. Attached to the amended petition are copies of the tax returns for 1994, 1995, and 1996. The tax returns are computed using the married filing jointly filing status and are signed by petitioner and his wife, Rafaela B. Lopez. The attached 1994 tax return is purportedly an amended return and is signed with dates of June 18 and 20, 1996.

On September 11, 2000, respondent filed a motion to show cause why proposed facts in evidence should not be accepted as established. The motion sets forth allegations regarding petitioner's lack of cooperation with respondent. The Court entered an order to show cause on September 15, 2000. Due to a response from petitioner's counsel alleging ongoing negotiations and the subsequently filed supplemental stipulation of facts, the order to show cause was discharged on October 12, 2000.

Respondent filed an answer to petitioner's amended petition on September 19, 2000. Respondent's answer to amended petition asserted increased deficiencies and additions to tax pursuant to section 6214(a) as follows:

|       | Increased  | Additions to Tax[1] | |
| Year  | Deficiency | Sec.6651(a)(1) | Sec.6654(a) |
|-------|------------|----------------|-------------|
| 1994  | $20,297    | $4,553.05      | -0-         |
| 1995  | 20,921     | 5,332.38       | $1,126.95   |
| 1996  | 24,343     | 5,427.01       | 1,279.66    |

[1] Respondent also seeks an addition to tax under sec. 6651(a)(2) from petitioner for the 1996 taxable year in an amount equal to 0.5 percent of any unpaid portion of the deficiency in Federal income tax for each month or fraction thereof from April 15, 1997, until the deficiency is fully paid, not exceeding 25 percent in the aggregate.

Petitioner stipulated that no estimated income taxes had been paid during the years in issue.

Petitioner stipulated or admitted that he and his wife received gross income in the following amounts:

| Source of Income[4]                            | 1994     | 1995     | 1996     |
|------------------------------------------------|----------|----------|----------|
| Retirement pension-petitioner                  | $28,368  | $29,133  | $29,925  |
| Interest                                       | 96       | 3,780    | 1,880    |
| Wife's wages                                   | 55,359   | 51,268   | 66,964   |
| Schedule C gross receipts (including accrued income) | 27,037   | 37,954   | 26,935   |
| Schedule E rental income                       | 2,570    | 4,700    | 3,800    |
| Schedule F farming activities                  | 600      | 1,453    | 1,500    |

Petitioner alleges that he incurred losses in his Schedule C, E, and F activities during the taxable years 1987, 1988, 1989, 1991, 1992, 1993, 1994, 1995, and 1996.

Respondent conceded that petitioner substantiated the following expenses and exclusions from income:

---

[4] These amounts are rounded to the nearest dollar.

| Exclusions/Expenses[5] | 1994 | 1995 | 1996 |
|---|---|---|---|
| Type: | | | |
| Exclusions from retirement | $2,012 | $2,012 | $2,012 |
| Schedule A expenses: | | | |
| Real estate taxes | 6,768 | 8,238 | 8,671 |
| Medical expenses | 1,301 | 1,560 | 3,013 |
| State/Local income taxes | 3,574 | 2,271 | 3,144 |
| Personal property taxes | 235 | 176 | -0- |
| Schedule C expenses: | | | |
| Advertising | 885 | 2,189 | -0- |
| Insurance | -0- | 987 | -0- |
| Mortgage interest | 1,625 | 1,490 | -0- |
| Office expenses | 475 | 76 | -0- |
| Taxes/Licenses | 831 | 563 | -0- |
| Utilities | 3,845 | 4,020 | -0- |
| Wages | 1,230 | 766 | --- |
| Dues & Subscriptions | --- | 180 | -0- |
| Water | -0- | 139 | -0- |
| Schedule E rental expenses: | | | |
| Real estate taxes | 3,142 | 1,602 | 1,608 |
| Water | 140 | -0- | -0- |
| Electricity | 34 | -0- | -0- |

On October 25, 2000, Mr. Thomas filed a motion to withdraw because his services had been terminated by petitioner. In pertinent part, the motion alleges that a settlement had been negotiated and reached in this case, with petitioner's acceptance communicated to respondent on October 8, 2000; however, on October 18, 2000, petitioner refused to sign the decision documents, dismissed Mr. Thomas, and insisted on proceeding pro se in this case. The motion was granted. Mr. Thomas also filed a motion to continue, which the Court denied.

---

[5] These amounts are rounded to the nearest dollar.

Subsequently, on October 23, 2000, petitioner filed a motion to dismiss on the ground that petitioner wished to resolve the underlying controversies by an "audit." That motion was denied. See sec. 7459(d); Johnson v. Commissioner, 116 T.C. ___ (2001) (slip op. at 11). The Court contacted petitioner and told him that he must appear at the scheduled trial date on October 25, 2000.

When this case was called for trial on October 25, 2000, petitioner did not appear. Respondent filed a motion to dismiss for failure to properly prosecute and made an oral motion to impose a section 6673 penalty.

## Discussion

Respondent's motion to dismiss for failure to properly prosecute falls under Rule 123. A Rule 123(b) dismissal, as a sanction against petitioner, is available as to those issues for which petitioner bears the burden of proof. A Rule 123(a) default would be the proper sanction against petitioner as to those issues for which respondent bears the burden of proof. See Smith v. Commissioner, 926 F.2d 1470 (6th Cir. 1991), affg. 91 T.C. 1049 (1988). We shall consider the appropriate sanctions against petitioner in turn.

A.  Dismissal With Respect to Issues Where Petitioner Had the

Burden of Proof

Petitioner has the burden of proof with respect to the

determinations contained in the notices of deficiency.  See Rule

142(a).

Rule 123(b) provides as follows:

> (b) Dismissal:  For failure of a petitioner properly to
> prosecute or to comply with these Rules or any order of the
> Court or for other cause which the Court deems sufficient,
> the Court may dismiss a case at any time and enter a
> decision against the petitioner.  The Court may, for similar
> reasons, decide against any party any issue as to which such
> party has the burden of proof, and such decision shall be
> treated as a dismissal for purposes of paragraphs (c) and
> (d) of this Rule.

In Bauer v. Commissioner, 97 F.3d 45 (4th Cir. 1996), the

Court of Appeals for the Fourth Circuit considered the

application of Rule 123(b).  Noting that dismissal for failure to

prosecute typically occurs where a party fails to appear at

trial, the court set forth four factors that should be considered

in determining whether to dismiss a case for failure to

prosecute:  (1) The plaintiff's degree of personal

responsibility; (2) the presence of a drawn out history of

deliberately proceeding in a dilatory fashion; (3) the amount of

prejudice caused the defendant; and (4) the effectiveness of

sanctions less drastic than dismissal.  See id. at 49.

Petitioner was solely responsible for his attendance at the

October 25, 2000, trial.  He was well aware of the trial date by

communication from his former attorney, respondent, and this Court. The resolution of this case had been delayed because petitioner failed to cooperate with respondent in preparing the case for trial and appeared at the initial calendar call unprepared for trial. Petitioner's actions in this proceeding have prejudiced respondent in that respondent has been required to devote hours of time trying to prepare this case for trial.

Although petitioner initially and currently appears before this Court in a pro se capacity, we see no reason to afford him any special protection as a pro se petitioner. The Court of Appeals for the Fourth Circuit has noted that while "trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially when a technical or arcane procedural rule is involved, such tolerance does not extend to a litigant's failure to appear in court without explanation or without contacting the court beforehand." Id. The Rules and orders of this Court that petitioner repeatedly violated were not technical or arcane. Furthermore, petitioner was put on notice that his failure to appear may result in dismissal of his case.

Petitioner's conduct leaves no alternative other than dismissal for failure to properly prosecute. No lesser sanction exists that would remedy petitioner's failure to appear or prosecute his case. Pursuant to the foregoing, all matters for which petitioner bears the burden of proof are dismissed for

failure to properly prosecute.  Furthermore, consistent with our finding that dismissal is appropriate under Rule 123(b), we find against petitioner on all issues as to which petitioner bears the burden of proof.

B.  Default With Respect to Issues Where Respondent Had the Burden of Production or Burden of Proof

Rule 123(a) provides as follows:

(a) Default:  If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court.  Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter.

In light of petitioner's conduct in this case, it is appropriate to consider sanctions under Rule 123(a).  Our Rule 123(a) is analogous to rule 55 of the Federal Rules of Civil Procedure.  By analogy to rule 55 of the Federal Rules of Civil Procedure, the party that bears the burden of proof may be entitled to entry of decision on default.  See Bosurgi v. Commissioner, 87 T.C. 1403, 1407 (1986).  Where a taxpayer has no demonstrable desire to continue the litigation, and "does not think well enough of his case to defend it where the government

has the burden of proof, this Court should default him." Id. at 1408. As stated in Bosurgi:

> To hold a trial in a case abandoned by the taxpayer is at best an indulgence of archaic manners and at worst an insult to the taxpayers who have a rightful claim on this Court's time. * * * Entry of a default judgment is appropriate upon a determination in the sound judicial discretion of the Court that the pleadings of the moving party set forth facts sufficient to support the judgment. [Id.; fn. ref. omitted.]

See also Smith v. Commissioner, 926 F.2d 1470 (6th Cir. 1991), affg. 91 T.C. 1049 (1988).

We find that by failing to appear at trial and by violating the standing pretrial order and numerous discovery orders, petitioner failed to proceed as provided by our Rules and as required by this Court. Therefore, we find petitioner in default as to the issues for which respondent bears the burden of proof. Nonetheless, since respondent bears the burden of proof with respect to the increased deficiencies and the burden of production and/or proof with respect to the additions to tax, we must determine whether respondent has satisfied these requirements.

1. Liability for Increased Deficiencies.

Respondent moves to increase the deficiencies for each of the years in issue. Section 6214(a) provides:

> SEC. 6214(a). Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additions to the Tax.-- Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the

deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

In the answer to amended petition, respondent claimed increased deficiencies for 1994, 1995, and 1996 based on the income that petitioner and his wife received in those years. Respondent has the burden of proof as to the increases in deficiencies made in the answer to amended petition. See Rule 142(a); Quick v. Commissioner, 110 T.C. 172, 180 (1998); Hendrickson v. Commissioner, T.C. Memo. 1999-357.

Petitioner stipulated or admitted that he and his wife received the following amounts of income:

|                              | 1994     | 1995     | 1996     |
|------------------------------|----------|----------|----------|
| Wages received by wife       | $55,359  | $51,268  | $66,964  |
| Schedule C gross receipts    | 27,037   | 37,954   | 26,935   |
| Schedule E rental income     | 2,570    | 4,700    | 3,800    |
| Schedule F farming income    | 600      | 1,453    | 1,500    |

Based on these stipulations and admissions, respondent has proved the receipt of the additional income underlying the increased deficiencies raised in the answer to amended petition.

2. Respondent's Burden of Production and Proof With Respect to Increased Additions to Tax.

We are willing to assume, but do not decide here, that respondent has the burden of production as to the additions to tax in these circumstances. See sec. 7491(c). Respondent moves

to increase the additions to tax under section 6651(a)(1) for each of the years in issue for failure to timely file, section 6651(a)(2) for 1996 for failure to timely pay,[6] and section 6654(a) for 1995 and 1996 for failure to pay estimated income taxes.[7]

Section 6651(a)(1) provides for an addition to tax where a return is not timely filed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Similarly, section 6651(a)(2) provides for an addition to tax where payment of tax is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". On the other hand, section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". Section 6654 does not provide relief for reasonable cause.

Respondent attached to the motion to dismiss for failure to properly prosecute a Form 3050 (Certification of Lack of Record) indicating that as of May 26, 2000, respondent did not have in his possession a Form 1040 (U.S. Individual Income Tax Return) for petitioner's 1994, 1995, or 1996 taxable years. Also

---

[6]  Respondent concedes that petitioner is not liable for the additions to tax under sec. 6651(a)(2) for 1994 and 1995.

[7]  Respondent concedes that petitioner is not liable for an addition to tax under sec. 6654(a) for 1994.

attached to respondent's motion was a Form 2688 (Application for Additional Extension of Time to File U.S. Individual Income Tax Return) signed by petitioner and his wife on April 10, 1997, in which petitioner and his wife request additional time to file their 1994 tax return. Furthermore, petitioner stipulated that neither he nor his wife made estimated tax payments, and the withholding shown on the submitted returns was minimal.[8] This evidence is sufficient to satisfy respondent's burden of production and shift the burden of production to petitioner as to the additions to tax asserted in the notices of deficiency.

With respect to the increased additions to tax under section 6651(a)(1) for the years in issue, section 6651(a)(2) for 1996, and section 6654(a) for 1995 and 1996, the same evidence is sufficient to satisfy respondent's burden of proof under Rule 142. Respondent's determinations with respect to the increased additions to tax are sustained.

C. <u>Section 6673 Penalty</u>

Respondent orally moved to impose a penalty against petitioner under section 6673. Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a

---

[8] The Forms W-2 (Wage and Tax Statement) for 1994, 1995, and 1996 show that petitioner's wife had $2,416.48, $91.62, and $222.20, respectively, withheld from her wages. The Forms 1099-R (Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.) for 1994, 1995, and 1996 show that petitioner had $22.20, $45.70, and $95.80, respectively, withheld from his retirement pension.

penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The gravamen of respondent's motion is that petitioner has maintained this proceeding primarily for delay.

We begin by observing that whatever is said does not reflect on the representation provided by Mr. Thomas. In our conference calls with Mr. Thomas and respondent, it appeared that Mr. Thomas at all times was acting in a responsible and good faith fashion to bring this matter to a close either by trial or settlement. This being said, however, we are still left with a decidedly uncomfortable view of petitioner's conduct throughout this proceeding.

Petitioner failed to file returns for the years in issue. After the case was docketed in this Court, petitioner ignored the standing pretrial order and refused to cooperate in preparing this case for trial to the extent that at the initial calendar call this case either could have been dismissed for failure to properly prosecute or continued. We gave petitioner the benefit of doubt at that time and continued the case. Even then, until Mr. Thomas entered an appearance, petitioner refused to obey the orders of the Court. Mr. Thomas was successful in negotiating a settlement in which petitioner initially concurred. On the eve

of the trial, petitioner reneged on the settlement and dismissed Mr. Thomas. Petitioner then filed a motion to "withdraw" his petition without prejudice that was without any basis in law or fact. Finally, on the date of trial, petitioner refused to appear even though he had been informed that he must appear.

A review of the record satisfies us that petitioner has maintained this case primarily for delay. The Court's time and resources have been wasted. In view of the foregoing, we shall exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States of $2,000. See <u>Funk v. Commissioner</u>, T.C. Memo. 2000-169.

To reflect the concessions of the parties,

<u>An appropriate order will</u>
<u>be issued, and decision will be</u>
<u>entered under Rule 155</u>.