Kenneth L. WRONKE, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 01–1136.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 15, 2001.*

Decided Aug. 24, 2001.

Before POSNER, RIPPLE, and DIANE P. WOOD, Circuit Judges.

**ORDER**

Broadly stated, the issue presented in this appeal is whether the United States Tax Court properly dismissed Kenneth Wronke's petition challenging a tax deficiency because he failed to appear for trial. We conclude that the tax court acted within its discretion in dismissing the case and affirm.

In 1996 Mr. Wronke filed a timely petition with the United States Tax Court challenging a determination by the Commissioner of Internal Revenue that he owed additional taxes for 1992 and 1993. The case was continued several times during a four-year period while Mr. Wronke was jailed in Champaign County, Illinois. These continuances were all upon Mr.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Wronke's motion and by agreement of the Commissioner.

After Mr. Wronke's release in April 2000, the case was set for a September 18, 2000, trial in Indianapolis, Indiana. On August 21, Mr. Wronke moved for a 90–day continuance, claiming that he had recently been released from jail and was "not mentally acute enough to plan or prepare his defense." The court set the motion for hearing on September 18.

On September 18 the case was called, and when Mr. Wronke failed to appear the Commissioner moved to dismiss for failure to prosecute. Counsel for the Commissioner detailed at length his unsuccessful attempts to meet with Mr. Wronke to discuss settlement and prepare factual stipulations for trial, as required by the court's standing order. Counsel also described Mr. Wronke's failure to provide requested documentation to support his claim that no additional taxes were owed. Counsel further disclosed that Mr. Wronke had stated in a recent telephone conversation that he had no intention of appearing in court on September 18 because he would be attending a week-long conference in Lafayette, Indiana. Counsel added that he had admonished Mr. Wronke both during this telephone conversation and later in writing that the Commissioner would move for dismissal if Mr. Wronke did not appear. Finally, counsel for the Commissioner reported that he was ready for trial and noted that the examining IRS agent had driven more than 100 miles that morning to be present in court. He argued that any further delay would be prejudicial. The court denied Mr. Wronke's request for a continuance and granted the motion to dismiss.

The dismissal was entered on September 26, 2000.

On October 13, 2000, Mr. Wronke filed a document styled "Petitioner's Motion to Reconsider the 18 September Decision To Dismiss and to Re–Instate the Above Captioned Case," which the court interpreted as a motion to vacate. Mr. Wronke asserted that he had a flat tire while en route to court from his home in Homer, Illinois, approximately 130 miles from Indianapolis. He claimed that by the time he was able to get the tire repaired, around 9:00 a.m., he knew he could not make it to Indianapolis by 10:00 a.m. The court denied the motion on November 16, 2000.

On December 8, 2000, Mr. Wronke filed another motion to reconsider, arguing that the court had acted unreasonably in denying his motion to vacate because of the "exceptional circumstances" for his failure to appear. The court on December 13 denied the motion, noting that Mr. Wronke was no "stranger to litigation in federal and local courts" [1] and should have understood the importance of a scheduled court date. The court also found Mr. Wronke's representations about having car trouble unbelievable because "if petitioner's failure to appear was caused by a flat tire, we expect he would have contacted the Court as soon as possible after that event." Mr. Wronke filed a timely notice of appeal on January 10, 2001.

On appeal Mr. Wronke argues, without citing any authority, that the tax court erred in dismissing his case for failure to prosecute and abused its discretion in denying his motions to vacate and to reconsider. Tax Court Rule 123(b) provides that, for failure of a petitioner properly to prosecute or to comply with the tax court

---

1. *See, e.g., In Matter of Wronke,* 172 F.3d 54, 1998 WL 956310 (7th Cir.1998) (unpublished); *Wronke v. State of Illinois,* 108 F.3d 1380, 1997 WL 107761 (7th Cir.1997) (unpublished); *Wronke v. Marsh,* 767 F.2d 354 (7th Cir.1985); *Wronke v. Madigan,* 26 F.Supp.2d 1102 (C.D.Ill.1998).

rules or any order of the court, the court may dismiss a case at any time. *See* Rules of Practice and Procedure of the United States Tax Court 123(b). This rule incorporates the standard for involuntary dismissals found in Federal Rule of Civil Procedure 41(b). *See* Tax Court Rule 123(b), Explanatory Note; *Hillig v. Commissioner,* 916 F.2d 171, 173 (4th Cir. 1990); *Freedson v. Commissioner,* 565 F.2d 954, 954–955 (5th Cir.1978). Review of a court's decision to dismiss for failure to prosecute is deferential; we will reverse only if no reasonable person could concur in the court's decision or if the court's decision was "fundamentally wrong." *Moffitt v. Illinois State Bd. of Educ.,* 236 F.3d 868, 872–73 (7th Cir.2001).

Dismissal is a severe sanction that should be used only in extreme situations where there has been a history of delay or disregard of the court's orders. *Kruger v. Apfel,* 214 F.3d 784, 787 (7th Cir.2000); *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir.1998). The circumstances warranting dismissal are "infinitely variable," thus making it difficult to formulate a standard more particular than that the district court must not act precipitously, willfully, or unreasonably. *Williams,* 155 F.3d at 858.

We cannot find error in the tax court's dismissal. This case had already been continued several times at Mr. Wronke's request, and although we appreciate that being incarcerated may have made it difficult for Mr. Wronke to prosecute the case, he was not wholly without options; indeed, he was able to litigate two other lawsuits while he was in jail. *See In re Wronke,* No. 97–90973 (Bankr.C.D.Ill.1997); *Wronke v. Madigan,* 26 F.Supp.2d 1102 (C.D.Ill.1998). When he requested yet another continuance shortly before the scheduled trial date, Mr. Wronke had already enjoyed considerable largesse by the court and the Commissioner in allowing

him to delay the case for nearly four years. We think it entirely reasonable that the court was reluctant to grant another continuance and instead set the motion for hearing so that Mr. Wronke would be required to appear and justify his request.

But Mr. Wronke did not appear, and since he carried the burden of proving that the deficiency determination was incorrect, *see* Tax Court Rule 142(a), his failure to appear and provide documentation to support his claim warranted dismissal under the Tax Court Rules. *See* Tax Court Rule 149 (authorizing dismissal for failure to appear or produce evidence in support of issue on which party has burden of proof). The tax court thus acted within its discretion in dismissing Mr. Wronke's case. *See Bauer v. Commissioner,* 97 F.3d 45, 49 (4th Cir.1996) (affirming dismissal for failure to prosecute where pro se taxpayer delayed case for approximately three years and then failed to appear for trial); *Smith v. United States,* 834 F.2d 166, 170 (10th Cir.1987) (affirming dismissal for failure to prosecute where case had been continued four times and taxpayer declined to go forward at trial, instead requesting another continuance).

Mr. Wronke is also incorrect that the court was required to grant his motion to vacate. Tax Court Rule 162 specifies the time frame for filing a motion to vacate but does not set forth the legal standard for vacating a tax court decision. *See Estate of Miller,* 67 T.C. Memo 1994, 1994 WL 17923 (1994). The tax court therefore looks to the Federal Rules of Civil Procedure for guidance, in particular Rule 60(b), which provides for relief from judgment. *See* Tax Court Rule 1(a) (where there is no applicable rule, tax court may prescribe the procedure, "giving particular weight to the Federal Rules of Civil Procedure"); *see also Estate of Kraus v. Commissioner,* 875 F.2d 597, 602 (7th Cir.1989) (applying decisions interpreting 60(b) to review of

motion to reconsider tax court's decision). In turn, relief from judgment under Rule 60(b) is an extraordinary remedy to be granted only in exceptional circumstances. *Provident Savings Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir.1995). We review the denial of a 60(b) motion for abuse of discretion, an "extremely deferential" standard whereby the ruling will stand unless we find that "no reasonable person could have acted as the judge did." *Id.* at 934–35 (citation and internal quotations omitted).

Although he did not style it as such, Mr. Wronke apparently based his motion to vacate on "excusable neglect" because in the motion he claims he did not appear at trial for reasons beyond his control. There are no bright lines to determine what constitutes excusable neglect; the test is at bottom an equitable one, taking into consideration "all relevant circumstances surrounding the party's omission." *United States v. Brown,* 133 F.3d 993, 996 (7th Cir.1998). The court will consider such factors as the reason for the default, whether it was within the movant's control, the danger of prejudice to the nonmovant, and the interests of efficient judicial administration. *See id.*

Here, the tax court rejected Mr. Wronke's proffered reason for his failure to appear, finding that it was not believable. The tax court reasonably concluded that if Mr. Wronke actually had car trouble on his way to court, it seems likely he would have called to notify the court sometime during its trial session in Indianapolis. Further, Mr. Wronke does not dispute or even address the government's argument that he told counsel for the Commissioner that he did not intend to appear in court on September 18. Thus, the tax court understandably found suspect the reason he gave for failing to appear. The court also determined that any further delay would prejudice the Commissioner, who had made substantial efforts to meet with Mr. Wronke and was prepared for trial. We have noted that failing to appear for trial is a serious infraction because civil trial dates are an increasingly precious commodity in our nation. *See Moffitt v. Illinois State Bd. of Educ.,* 236 F.3d 868, 873 (7th Cir.2001). Based on these considerations, we find that the court did not abuse its discretion in refusing to vacate the dismissal. For these same reasons, we cannot find error in the court's denial of Mr. Wronke's motion to reconsider, which merely reiterated the same reasons for his failure to appear that the court had already rejected.

The judgment of the tax court is AFFIRMED.