NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2010[*]
Decided May 7, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3239

| | |
|---|---|
| CYBIL FISHER,<br> *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| | No. 17045-07L |
| *v.* | |
| | Elizabeth Crewson Paris, |
| COMMISSIONER OF INTERNAL<br>REVENUE,<br> *Respondent-Appellee*. | *Judge*. |

**O R D E R**

The Tax Court dismissed Cybil Fisher's case against the Commissioner of Internal Revenue for lack of prosecution. We affirm the dismissal.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Fisher's prosecution of her case has been marked by delay and disregard of court orders. Based on Fisher's failure to file federal income tax returns (she has not filed one since 1996), the Internal Revenue Service notified her that it planned to collect approximately $10,500 in unpaid taxes assessed against her for 2001 and 2002. Fisher then petitioned for a Collection Due Process Hearing, *see* 26 U.S.C. § 6330(b). The IRS Office of Appeals began a lengthy correspondence with Fisher and eventually determined that her tax liabilities had been properly assessed. Fisher filed a petition in the Tax Court, and the Commissioner moved for summary judgment. The court ordered Fisher to respond to the Commissioner's motion within 14 days; she did not. She also failed to appear at the calendar call and recall of her case, despite having been notified that her presence was required. The Commissioner then moved for dismissal for failure to prosecute. After the Commissioner unsuccessfully attempted to serve Fisher with the motion to dismiss, the Tax Court ordered her to respond to the motion. Instead, Fisher filed—a month late—objections to the summary judgment motion. The court denied the summary judgment motion but granted the motion to dismiss, concluding that based on Fisher's failure to comply with the court's deadlines, appear in court, or present any evidence, she had "foregone her opportunity" to make her case. *See* T.C.R. 123(b), 149.

On appeal Fisher does not challenge the dismissal. Instead, she argues that the Tax Court improperly "conduct[ed] a trial de novo" and contends that the IRS cannot show that she ever received the initial notice about owing back taxes. These issues are not before us. Because Fisher failed to comply with the Tax Court's orders or appear in court when required, the court did not abuse its discretion by dismissing her case. *See id.*; *Stearman v. Comm'r*, 436 F.3d 533, 535-37 (5th Cir. 2006); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005); *Bauer v. Comm'r*, 97 F.3d 45, 48-49 (4th Cir. 1996).

Accordingly, we **AFFIRM** the decision of the Tax Court. The mandate shall issue immediately. Because we conclude that Fisher's appeal is frivolous, she is hereby **ORDERED** to pay a monetary sanction to the clerk of this court in the amount of $4,000, the presumptive sanction for filing a frivolous appeal in a tax case. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006).