In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1004

Ronald Robinson,

Plaintiff-Appellant,

v.

John Doe, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of Illinois.
No. 99 C 1073--Joe B. McDade, Chief Judge.

Submitted October 9, 2001--Decided November 26, 2001


  Before Posner, Manion, and Rovner, Circuit
Judges.

  Posner, Circuit Judge.   The plaintiff
sued several police officers under 42
U.S.C. sec. 1983, charging that they had
used excessive force in arresting him; he
was later convicted of a drug offense,
partly because of evidence (crack cocaine
plus cash) seized in a search that
accompanied the arrest. The district
court dismissed the suit as barred by the
two-year statute of limitations
applicable to such claims. The plaintiff
had mailed his complaint to the district
court within the two-year period but it
had been returned to him without being
filed, pursuant to Rule 16.3(A)(8) of the
U.S. District Court for the Central
District of Illinois, because it was
unaccompanied by a filing fee or, in lieu
of the fee, a motion to proceed in forma
pauperis, that is, without paying the
fee.

  The statute of limitations in a suit
based on federal law, as this one is,
stops running when the complaint is
filed, e.g., Henderson v. United States,
517 U.S. 654, 657 n. 2 (1996); Williams-
Guice v. Chicago Board of Education, 45
F.3d 161, 162 (7th Cir. 1995); Gilardi v.
Schroeder, 833 F.2d 1226, 1233 (7th Cir.
1987); Martin v. Demma, 831 F.2d 69, 71
(5th Cir. 1987), though it may resume

running later. Williams-Guice v. Chicago Board of Education, supra, 45 F.3d at 164-65; Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). The complaint is "filed" for purposes of this rule when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like, Martin v. Demma, supra, 831 F.2d at 71; for a "clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules." Fed. R. Civ. P. 5(e) (emphasis added). And so the Central District's Rule 16.3(A)(8) could not compress the time within which the plaintiff, once he filed his complaint-- albeit not in proper form, because unaccompanied by the fee or in lieu thereof by a motion for leave to proceed in forma pauperis--could sue. E.g., Gilardi v. Schroeder, supra, 833 F.2d at 1233; Ordonez v. Johnson, 254 F.3d 814 (9th Cir. 2001) (per curiam); McDowell v. Delaware State Police, 88 F.3d 188, 190- 91 (3d Cir. 1996). The Committee Note to Fed. R. Civ. P. 5(e) disapproves of the practice of returning complaints that don't comply with local rules, but in any event that practice cannot defeat a right, which in this case is a right to arrest the running of the statute of limitations by filing a complaint in the district court, that is conferred by the national rules. Fed. R. Civ. P. 83; GCIU Employer Retirement Fund v. Chicago Tribune Co., 8 F.3d 1195, 1201 (7th Cir. 1993); Brown v. Crawford County, 960 F.2d 1002, 1008 (11th Cir. 1992); Carver v. Bunch, 946 F.2d 451, 453 (6th Cir. 1991).

All this would be of little moment in this case if the plaintiff's case were so lacking in merit that it could not survive a motion to dismiss for failure to state a claim. And it might seem that since he was convicted on the basis of evidence obtained as an incident to the arrest that he is challenging, his suit is indeed barred at the threshold, by Heck v. Humphrey, 512 U.S. 477 (1994). Not so. He isn't challenging the arrest, or the seizure of evidence pursuant to it, but the (alleged) use of excessive force by the police in effecting the arrest. It might appear that because the defendants deny having used excessive force, the plaintiff could not prevail in

this suit without proving them to be liars; and that would undermine the testimony on the basis of which the arrest itself and the search incident to it were held lawful in Robinson's criminal trial. Not necessarily. Police might well use excessive force in effecting a perfectly lawful arrest. And so a claim of excessive force in making an arrest does not require overturning the plaintiff's conviction even though the conviction was based in part on a determination that the arrest itself was lawful. Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997); see also Washington v. Summerville, 127 F.3d 552, 556 (7th Cir. 1997); Ove v. Gwinn, 264 F.3d 817, 823 (9th Cir. 2001); Willingham v. Loughnan, 261 F.3d 1178, 1183 (11th Cir. 2001); Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir. 1998); cf. Heck v. Humphrey, supra, 512 U.S. at 487 n. 7; Gonzalez v. Entress, 133 F.3d 551 (7th Cir. 1998).

Our decision in Okoro v. Bohman, 164 F.3d 1059, 1061 (7th Cir. 1999), is not inconsistent with these cases. The plaintiff claimed that he'd been framed; that the police who arrested him for supposedly selling heroin to them had really come to purchase not heroin but gems, which they subsequently stole from him and then fabricated the tale of his selling them heroin. The testimony of the police that they had bought heroin from the plaintiff was essential to his conviction, yet had he proved his false-arrest case the testimony would have been completely discredited. The rule of Heck is that unless and until a criminal defendant gets his conviction overturned, he can't base a civil case on evidence that if true shows he was wrongly convicted; that is an impermissible end run around the conviction. But this is not such a case.

The plaintiff still must lose, however. He did not try to establish the timeliness of his complaint until after the district court had given him more than a month to reply to the defendants' motion to dismiss his suit as untimely. He has given no legitimate excuse for his tardiness in replying to the motion and the judge therefore did not abuse hisdiscretion in dismissing the suit for want of prosecution. Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000); cf.

McCormick v. City of Chicago, 230 F.3d 319, 328 (7th Cir. 2000); Berwick Grain Co. v. Illinois Dept. of Agriculture, 189 F.3d 556, 560 (7th Cir. 1999). Compliance with the rules regarding the proper filing of a complaint is not excused merely because a noncompliant complaint interrupts the running of the statute of limitations.

Affirmed.