**Rufus WEST, Plaintiff–Appellant,**

v.

**Larry W. FUCHS, et al., Defendants–Appellees.**

**No. 01–2862.**

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002 *.

Decided April 18, 2002.

Before Hon. WILLIAM J. BAUER, Hon. MICHAEL S. KANNE, Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Wisconsin prisoner Rufus West filed a complaint under 42 U.S.C. § 1983 against approximately fifty defendants (mostly prison officials at the Waupun Correctional Institution), alleging a litany of civil rights violations. The allegations of West's complaint are, to say the least, expansive, ranging from the utterly frivolous (e.g., deprivation of soup) to the seemingly serious (e.g., West was given an overdose of Dilantin, an anti-convulsant). Suffice it to say, the litigation in this case was protracted, partly because of the number of defendants, the sweeping nature of West's allegations, and West's repeated filings of various motions. To make a long story short, some of West's claims were dismissed for failure to state a claim, some were dismissed on summary judgment, and three excessive force claims went to trial, where a jury found in favor of the

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

defendants. West's numerous assertions of error on appeal are as wide-ranging as the allegations of his complaint. We have reviewed those arguments; none have merit and only a few warrant discussion here.

■ We initially turn to an argument West raises regarding the district court's reliance on *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to bar consideration of one of his excessive force claims. West's excessive force claim concerns events occurring while he was being transported to Waupun from another prison on August 12, 1996. In his complaint West alleges that various prison guards twisted his hands, put his handcuffs on too tightly, and choked him. West says that he suffered cuts to his wrists and lost consciousness while being choked. The defendants moved for summary judgment on this claim, offering evidence that West resisted during the transport, necessitating at one point the use of a compression hold. According to the defendants, West was not choked nor did he lose consciousness, and immediately after the incident, a nurse examined him and found only a superficial abrasion to his wrist. In responding to that motion, West merely repeated the allegations of his complaint, noting in conclusory fashion that he had been "attacked" and detailing the injuries he allegedly suffered. The district court ultimately declined to consider West's claim under *Heck,* reasoning that a judgment in his favor would necessarily imply the invalidity of various disciplinary convictions he received for his conduct during the August 12 incident.

On appeal West argues that the district court erred in concluding that his excessive force claim was *Heck*-barred. West is correct, *see Robinson v. Doe,* 272 F.3d 921, 923 (7th Cir.2001), but that success takes him only so far. We may affirm on any ground supported by the record, *Lawson v. CSX Transp., Inc.,* 245 F.3d 916, 929 (7th Cir.2001), and, here, West's excessive force claim would not have survived the defendants' summary judgment motion.

In opposing the defendants' motion, West was required to do more than simply repeat the allegations of his complaint. He had to present specific facts showing that there was a genuine issue for trial. *See Warsco v. Preferred Technical Group,* 258 F.3d 557, 563 (7th Cir.2001); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir.1999). West, however, offered no evidence that the force used by prison guards was excessive or that he suffered anything more than a de minimis injury. *See Outlaw v. Newkirk,* 259 F.3d 833, 837–38 (7th Cir. 2001). Summary judgment on this claim, therefore, was inevitable.

■ West next maintains that the district court erred in granting summary judgment for the defendants on his claim that prison officials acted with deliberate indifference to his serious medical needs. The factual basis for that claim is as follows. West had a seizure on July 7, 1996, and was given a prescription for 300 mg of Dilantin to be taken at bedtime. On July 9 a Waupun prison physician—Dr. Belgado—admitted West to the Dodge Correctional Infirmary (DCI) for observation after West complained of dizziness and unsteady gait; he was discharged on July 16. Upon returning to Waupun, the health services unit prescribed another 300 mg of Dilantin to be taken in the morning. Unbeknownst to the health services staff, however, the north cell hall, where West was housed, still had the previous prescription for 300 mg of Dilantin. Due to this oversight, West received 600 mg (instead of 300 mg) of Dilantin per day from July 18 to July 23.

On July 25 Dr. Belgado examined West, who complained of dizziness and unsteady

gait, and transferred him to the DCI for observation. On July 26 West was taken to the Waupun Memorial Hospital, and from there he was taken to the University of Wisconsin Hospital in Madison. Although West had an elevated Dilantin level upon his arrival, according to Dr. Belgado, his condition "greatly improved" after the first two days, and after five days, his Dilantin level had returned to normal. While at the hospital, West complained that he was having difficulty walking, but a neurologist examined him and concluded that his complaints were not serious. Indeed, the doctor concluded that West was most likely malingering because there was no other cause of his symptoms, he had a normal neurological exam, and his Dilantin level was normal. On July 31 West was discharged from the hospital and was returned to the DCI.

West returned to Waupun on August 12 and thereafter repeatedly complained that he could not walk. Dr. Belgado examined West on several occasions but determined that his complaints were unfounded. Despite that conclusion, Dr. Belgado nevertheless had West examined by another neurologist. That neurologist ultimately arrived at the same conclusion as the first: West's complaints were not serious and he was malingering. Dr. Belgado also arranged for West to undergo physical therapy. At the end of the five-week treatment period, the therapist concluded that West had full leg strength.

Based on the above undisputed facts, the defendants moved for summary judgment, contending that they were entitled to judgment on West's deliberate indifference claim. West's written response to that motion consisted of nothing more than a recitation of the facts alleged in his complaint, conclusory statements regarding the inadequacy of medical treatment, and statements of disagreement with the opin-

ions of examining doctors. West asserted generally, for example, that the physicians at the hospital provided him inadequate treatment and that the neurologist who initially examined him misdiagnosed him as malingering. He also stated that he was not provided walking assistance upon returning to Waupun after the overdose, that he was repeatedly denied treatment for his legs, and that Dr. Belgado and the second neurologist failed to adequately examine him.

On appeal West repeats these conclusory assertions. He does not, however, point to any disputed question of material fact that would have precluded the entry of summary judgment for the defendants, and we see none. We initially note that there is no evidence that the defendants deliberately gave West an overdose of Dilantin. *See Rapier v. Harris,* 172 F.3d 999, 1005–06 (7th Cir.1999). Instead, the uncontroverted evidence shows that the overdose resulted from a clerical error. There is also no evidence to support West's assertion that the defendants otherwise intentionally or recklessly disregarded his serious medical needs. *See id.* West's generalized assertions that he was provided inadequate treatment do not demonstrate deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996). Nor can deliberate indifference be shown by West's disagreement with the opinions of the doctors. *See Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001). All in all, the undisputed evidence reflects that West received extensive medical treatment both directly in connection with the overdose and after he was released from the hospital. *See Reed v. McBride,* 178 F.3d 849, 855 (7th Cir.1999); *Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir.1997). And to the extent West's deliberate indifference claim turns on his professed inability to walk, the medical evidence in the record clearly refutes such

a claim. *See Dunigan v. Winnebago County,* 165 F.3d 587, 590–91 (7th Cir.1999) (medical need must be objectively serious). In sum, the district court properly granted summary judgment for the defendants on West's deliberate indifference claim.

West next contends that the district court erred in denying his motion for a new trial. In that motion West raised a number of arguments, including insufficiency of the evidence and prejudicial remarks from the defendants during opening and closing arguments. To review these issues, we need the trial transcripts, but West has not provided them to us. As the appellant, West is responsible for ensuring that the record on appeal contains all the items necessary for meaningful review, *Birchler v. Gehl Co.,* 88 F.3d 518, 519–20 (7th Cir.1996); Fed. R.App. P. 10, and a failure to provide the necessary transcripts is grounds for dismissal, *LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir.1995). West's pro se status is of no consequence: we have held that even the appeal of a pro se appellant may be dismissed where the materials necessary for proper appellate review have not been provided. *Woods v. Thieret,* 5 F.3d 244, 245–46 (7th Cir.1993). In his reply brief, West asserts that the transcripts are "unavailable"; he says that he asked the district court to prepare them but they were never provided. True, West did ask the district court for the transcripts but in response to that request the clerk of the court told him that he had to pay for them. West did nothing in response: he did not pay to have the transcripts prepared nor did he move to have the transcripts prepared at no cost under 28 U.S.C. § 753(f). Because West has not provided the necessary transcripts, his arguments concerning the denial of his motion for a new trial are dismissed.

The appeal is DISMISSED in part, and the judgment is AFFIRMED in part.