**Kenneth WOOTEN, Plaintiff–Appellant,**

v.

**Byron LAW, et. al., Defendants–Appellees.**

**No. 04–1159.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.*

Decided Nov. 12, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, ROVNER, and SYKES, Circuit Judges.

ORDER

In this *pro se* action under 42 U.S.C. § 1983, Illinois inmate Kenneth Wooten alleges, as relevant here, that guards at Western Illinois Correctional Center beat him for making "insolent" remarks. The district court initially rejected the guards' argument that *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars Wooten's claim, but reversed itself and granted judgment for the guards after we decided *Okoro v. Callaghan,* 324 F.3d 488 (7th Cir.2003). We now affirm.

We start with the facts as Wooten tells them. *See Gil v. Reed,* 381 F.3d 649, 651 (7th Cir.2004). On the day of the incident, Wooten received word that his mother was critically ill with cancer. He asked two different guards if he could make an emergency telephone call, but both refused. One of them ordered him to leave the dining hall, which upset Wooten and prompted him to yell, "How the f[ --- ] would you feel if it was your Mother." Wooten "continued to express his disapproval" as the two guards escorted him away in handcuffs. When he then refused an order to "shut up," Wooten was slammed against the wall and pinned there with a forearm against his neck. Unable to breathe, he attempted to turn in order to relieve the pressure on his throat, resulting in "a bombardment of hostility" from the guards. A third guard arrived as the first two forced Wooten into a "bowed position." Wooten yelled: "You're hurting me. I'm not resisting, why are you trying to hurt me?" Warned that he better "shut your f[ --- ]ing mouth," Wooten enraged the guards by replying with a threat to sue. With that the guards rammed his face into a wall and door, dislodging a tooth and later causing a blind spot to develop in his right eye. Afterwards they denied Wooten's requests for medical attention. In his complaint, Wooten admits being "insolent" but avers that he never physically resisted, or tried to fight with the guards, or refused to go with them.

The guards' account, as memorialized in written reports, is very different. They reported that Wooten threatened and physically resisted them, and that he kicked one of them in the calf. An Adjustment Committee later credited the guards and found Wooten guilty of assault, intimidation, and disobeying. As a result Wooten lost one year of good time credits.

At initial screening, *see* 28 U.S.C. § 1915A, the district court concluded that Wooten stated Eighth Amendment claims for excessive force and deliberate indifference to his medical needs, as well as state-law claims for assault and battery. The

court later granted the guards' motion to dismiss Wooten's medical claim because he had not exhausted his administrative remedies, and he does not challenge that dismissal. The guards also moved to dismiss Wooten's excessive-force claim as barred by *Heck*, but initially the court denied the guards' request on the theory that his lawsuit would not necessarily undermine his disciplinary conviction because the claim of unconstitutional force and the charges contained in the "disciplinary report could coexist. After our subsequent decision in *Okoro*, however, the guards moved for reconsideration. They argued that *Okoro* clarifies that a claim is *Heck*-barred if it includes allegations that are inconsistent with a still-standing conviction, even if those allegations are not essential to support a judgment for the plaintiff. Treating the motion as one for summary judgment because it arguably referred to a document outside Wooten's complaint—the written decision rejecting his administrative appeal—the court read *Okoro* as teaching that "the plaintiff's own allegations control whether the claim is barred by *Heck.*" Accepting Wooten's allegations as true, the court reasoned, his disciplinary conviction was almost certainly in error. Accordingly, the court dismissed his excessive force claim as barred by *Heck*.

On appeal Wooten does not argue that the court misinterpreted *Okoro*. Rather, in his opening brief he simply suggests that *Okoro* will make for bad policy and, thus, the court should not have applied that case to bar his excessive force claim. We review a grant of summary judgment *de novo*. *Gil*, 381 F.3d at 658. In *Heck*, the Supreme Court held that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside. *See* 512 U.S. at 486–87, 114 S.Ct. 2364. The Court has extended *Heck* to bar claims that, if established, would necessarily imply the invalidity of a disciplinary conviction that was the basis for a deprivation of a prisoner's good time credits. *Edwards v. Balisok*, 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *see De Walt v. Carter*, 224 F.3d 607, 617 (7th Cir.2000).

In *Okoro*, a prisoner sued federal officers alleging that they had stolen gems when searching his home. 324 F.3d at 489. Incident to that search, the plaintiff was convicted of attempting to sell heroin to the officers, but in his civil suit he insisted that he never tried to sell heroin, only the gems. *Id.* The district court concluded that the claim was not *Heck*-barred because of the theoretical possibility that the officers had found heroin *and* the gems, stealing the gems and charging the plaintiff with heroin dealing. *Id.* at 489–90, 114 S.Ct. 2364. Thus, the court reasoned, the plaintiff's claim did not necessarily imply the invalidity of his drug conviction because he could be guilty of the drug charge despite the theft of his gems. *Id.* at 490, 114 S.Ct. 2364. We rejected this theoretical approach:

[Okoro] adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction.... [I]f he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit. [Citations omitted.] He is the master of his ground. He could argue ... that the defendants had taken both drugs and gems, and then the fact that they had violated his civil rights in taking the gems (if they did take them) would cast no cloud over the conviction. Or he could simply argue that they took the gems and not say anything about the drugs, and then he wouldn't be actually challenging the validity of the guilty verdict. But since he

is challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed, he is barred by *Heck*.

*Id.* Thus, whether a claim is barred by *Heck* turns on the plaintiff's allegations. The theoretical possibility of a judgment for the plaintiff based on findings that do not call his conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility.

As the district court held, Wooten pleaded himself into *Heck*-barred territory. He insists that he did not physically resist the guards, but his disciplinary punishment for assault rests on the guards' contrary account. Accepting Wooten's allegations as true, his disciplinary conviction for assault was "almost certainly ... in error, for that testimony was an essential part of the evidence against him." *See id.* at 489, 114 S.Ct. 2364. Wooten does not admit physically resisting the guards, but claims that their response was excessive. Nor did he choose to simply remain silent about his resistance. *Compare Robinson v. Doe,* 272 F.3d 921, 923 (7th Cir.2001). Rather, he has alleged facts that, if proven, would show that he was wrongly disciplined for assault.

AFFIRMED.