NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2007*
Decided May 10, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2616

| | |
|---|---|
| DANIEL G. BAHLER, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the |
| | Central District of Illinois |
| *v.* | |
| | No. 06-1065 |
| KENNY LOPEZ, et al., | |
| *Defendants-Appellees*. | Harold A. Baker, |
| | *Judge*. |

**O R D E R**

Daniel Bahler, an inmate at Menard Correctional Center, mailed a letter to the district court, entitled "Pro Se Complaint." In the letter, Bahler set forth facts

---

* This case was originally scheduled for oral argument on April 17, 2007. The defendants, who were not yet served in the district court, are not participating in the appeal, and the assigned panel determined that resolution of the appeal would not be facilitated significantly by oral argument. The court therefore vacated the order setting the case for argument, and the appeal was submitted on the appellant's brief and the record. Fed. R. App. P. 34(a)(2).

alleging an Eighth Amendment claim of excessive force against several correctional officers at Menard, but the letter was not docketed. Approximately one month later, Bahler filed an "Amended Complaint," which added additional claims concerning unrelated incidents. The district court screened the amended complaint under 28 U.S.C. § 1915A and dismissed all of Bahler's claims as time-barred. Because Bahler's original letter tolled the statute of limitations, we reverse the district court's judgment and remand for further proceedings.

In January 2006 Bahler sent a letter to the clerk of the United States District Court for the Central District of Illinois, asking to file a claim arising from an incident that occurred in February 2004 during which "Sergeant Galloway" twice stunned him with a "shock gun." He entitled his letter "PRO SE COMPLAINT" and "IN FORMA PAUPERIS" and labeled the subject line: "Excessive Force" and "Cruel & Unusual Punishment at McLean County, Bloomington, Illinois." In the letter, Bahler said that another prisoner overheard deputy sheriffs say they were "going to get Bahler good." He also alleged that, as a result of the shock gun application, he suffered blisters, bloody urine, trouble urinating, and scarring.

Bahler's letter was not immediately docketed, but atop the letter is a time stamp indicating that the court received the letter on January 26.[1] In addition, a handwritten notation on the letter (presumably made by a court clerk) says "Sent Forms 2/1/06." On March 9, 2006, Bahler filed an Application to Proceed Without Prepayment of Fees and Affidavit, as well as an "Amended Complaint." In his "Amended Complaint," Bahler recounted the "shock gun" incident, and named as defendants McClean County Deputy Sheriffs Galloway, Kenny Lopez, and Clifford Rushing, as well as McClean County Sheriff Dave Owens. He also referenced events dating back to July and August of 2003. In addition, Bahler alleged that he was denied access to the courts when the defendants falsely told a judge that Bahler had refused to go to court; according to Bahler, the deputies beat him and then would not take him to court because they did not want the judge to see his injuries. May 12, 2006 the district court screened the amended complaint pursuant to 28 U.S.C. § 1915A and dismissed it as barred by Illinois' two-year statute of limitations. The court explained that Bahler complained about events that took place in July 2003 but did not file his lawsuit until March 2006, nearly three years later.

---

[1] Eventually, however, the letter was docketed. On October 27, 2006, Bahler moved to supplement the record on appeal to include both the letter and the amended complaint. The court granted the motion and added both documents to the record, directing the clerk to add them effective May 12, 2006, the date the court had dismissed Bahler's claims.

On appeal, Bahler argues that the court improperly dismissed his lawsuit on statute of limitation grounds because his initial submission—a self-styled "PRO SE COMPLAINT" that was received by the district court on January 26, 2006—was in fact timely, having been received within two years of the events giving rise to his "shock gun" claim.

Bahler's § 1983 "shock gun" claim is subject to the two-year statute of limitations applicable to personal injuries under Illinois law, 735 ILCS 5/13-202, *Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006), and his claim accrued the day he was injured, February 3, 2004, *see Evans*, 434 F.3d at 934. The statute of limitations is tolled, however, when the complaint is filed, i.e., received by the court. *See Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001). Tolling occurs regardless of whether the complaint is initially accompanied by a filing fee or petition to proceed *in forma pauperis*, even if a local rule requires one or the other to be included. *Id.* (holding that Fed. R. Civ. P. 5(e) requires a clerk to accept a paper for filing even if it does not comply with the local rules or is not in proper form). *See also McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (holding that plaintiff's complaint was "constructively filed" on date received by court, even though it did not include filing fee or petition to proceed in forma pauperis, and petition was not filed for fourteen months).

Our record here is murky and does not reflect why the district court clerk's office did not accept Bahler's initial submission as a complaint. Perhaps the clerk's office rejected his filing because Local Rule 16.3(A)(8) states that, "[t]he plaintiff *must* mail the complaint, the copies, and the summons forms, along with the filing fee or the petition to proceed in forma pauperis, together in one package" to the court. *See* C.D. Ill. L.R. 16.3(A)(8) (italics added). But under *Robinson*, the clerk was not permitted to refuse Bahler's initial submission merely for failing to follow Rule 16.3(A)(8)'s requirements. 272 F.3d at 922-23 (criticizing the Central District of Illinois' Local Rule 16.3(A)(8), which requires that a complaint be accompanied by either the filing fee or petition to proceed in forma pauperis). A "complaint is 'filed' for purposes of [tolling] when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like." *Id.* at 922-23. And Bahler's initial submission otherwise substantially meets the Central District of Illinois' general format requirements for filing, though, as a prisoner, Bahler did not have to meet them. *See* C. D. Ill. L.R. 5.1.[2] Nor should it

---

[2] Local Rule 5.1 is entitled "FORMAT OF FILINGS," and reads:
The Court may strike any paper which does not conform to the following format:

In all cases except prisoner and other pro se cases and social security appeals,

(continued...)

matter that Bahler's initial submission was formatted as a letter, rather than a typical complaint. *See McDowell*, 88 F.3d at 189, 190-91 (noting with approval district court's decision to construe document entitled "Motion for Compensation" as complaint). Moreover, Bahler's submission meets the standards for notice pleading. *See Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006).

Accordingly, the judgment is REVERSED, and the case is REMANDED for further proceedings.

---

[2](...continued)

(A)     All documents filed with the court must be double-spaced and must be printed on white paper 8 ½ by 11 inches in size.

(B)     All documents shall have one inch margins on all sides and each page shall be numbered.

(C)     Either a proportionally spaced or a monospaced typeface may be used. A proportionally spaced face must be 12-point or larger, in both body text and footnotes. A monospaced face may not contain more than 10 ½ characters per inch. All documents must be printed in a plain, roman style. Italics may be used for emphasis.

(D)     No pleading, motion or other document shall be transmitted to the court or the clerk of the court by means of electronic facsimile.