In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 14-1695

DANNY FARLEY,

*Plaintiff-Appellant,*

*v.*

JACOB KOEPP, *et al.*,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:13-cv-234-DGW — **Donald G. Wilkerson**, *Magistrate Judge.*

———————————

ARGUED NOVEMBER 4, 2014 — DECIDED JUNE 8, 2015

———————————

Before MANION, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* At 4:15 p.m. on Friday, March 8, 2013, the plaintiff's attorney in this civil-rights case opened an electronic case file in the Southern District of Illinois by e-mailing the complaint and civil cover sheet to the clerk's office as required by the local court rules. The clerk received the e-mail, opened a new case file in the Case Management/Electronic Case Filing system ("CM/ECF"), and at 5:11 p.m. notified the attorney that the electronic file was available to

receive uploads. On the next business day—Monday, March 11—the attorney's assistant tried to upload the complaint but encountered problems with the electronic payment system. It was not until Tuesday, March 12, that she successfully paid the filing fee and uploaded the complaint. But the deadline to sue under the two-year statute of limitations was Monday, March 11, and under the local rules, the complaint was not deemed "filed" until it was uploaded into CM/ECF. The district court dismissed the suit as untimely.

We vacate the judgment and remand for reinstatement of the complaint. Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court," FED. R. CIV. P. 3, and a paper is "filed" simply by "delivering it … to the clerk," FED. R. CIV. P. 5(d)(2)(A). The clerk may not "refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." FED. R. CIV. P. 5(d)(4). Here, counsel e-mailed the complaint to the clerk, as required to open a new electronic case file in the Southern District of Illinois. Although the filing process was not complete under the local rules until the complaint was uploaded, transmitting the complaint via e-mail effectively "delivered" it to the clerk for purposes of Rule 5(d)(2). The delay in uploading the complaint was merely a defect in form (in the electronic sense) and did not prevent the e-mailed complaint from tolling the statute of limitations.

## I. Background

Danny Farley alleges that on March 9, 2011, police officers in Granite City, Illinois, violated his Fourth Amendment

rights when they arrested him in his hotel room at the Econo Lodge Inn & Suites. According to the complaint, Farley called the police to report a disturbance in an adjacent room. When officers responded, they inexplicably arrested *him* and used excessive force in the course of the arrest. Farley named as defendants the arresting officers (Jacob Koepp and Jonathan Hadley); a hotel employee (Vinit Jitendra Tailor); the owner of the hotel (Granite City Motel & Resort LLC); and Granite City.[1] The complaint sought damages for civil-rights violations under 42 U.S.C. § 1983 and for wrongful eviction under state law.

On March 8, 2013, Farley's attorney began the process of filing the complaint in the Southern District of Illinois. As a general matter, the local rules require that documents be filed electronically through the CM/ECF system; attorneys are *required* to use the system unless they've obtained a specific exemption. *See* SDIL-LR 5.1(c) (Dec. 2009) ("All parties must file documents by electronic means that comply with procedures established by the Court unless specifically exempted for good cause shown."); SDIL Electronic Case Filing R. 1 (Nov. 2012) ("Attorneys must utilize the ECF system, unless specifically exempted by the court for good cause shown."). Under the rules in place at the time, however, e-filers could not open a new case in CM/ECF on their own. Instead, according to the user manual then in effect, "[a]ttorneys must [first] submit civil cases by e-mail," and "[w]hen filing a new case by e-mail, [the] complaint/notice of removal MUST be sent in PDF to the proper divisional mailbox." SDIL CM/ECF User Manual § 4.0 (Sept. 2009). The

---

[1] Pramukh, Inc., also a named defendant, was dismissed in the district court by stipulation.

manual also explained that upon receipt of the e-mailed complaint or notice of removal, "[t]he Clerk will open your case in ECF and notify you via the CM/ECF system that the case is opened and available for you to electronically file the complaint/notice of removal [using the ECF web interface]." *Id.*

At 4:15 p.m. on March 8, an assistant to Farley's attorney e-mailed the complaint and civil cover sheet to the proper e-mail address. The clerk's office responded at 5:11 p.m. with a notice stating that "a new civil case has been opened" but that "the complaint … is not deemed 'filed' with the clerk until it is transmitted to the ECF system." The assistant attempted to upload the complaint the next business day—Monday, March 11—but she avers that "complications arose concerning the electronic payment of the filing fee." On Tuesday, March 12, she clarified the payment issue and successfully uploaded the complaint to CM/ECF.

The trouble is that the two-year statute of limitations for the § 1983 claims expired on March 11.[2] The defendants moved to dismiss the § 1983 claims as untimely. A magistrate judge granted the motion, dismissing the § 1983 claims with prejudice and the state-law claim without prejudice. This appeal followed.

---

[2] The statute of limitations for claims brought under 42 U.S.C. § 1983 is the limitations period for analogous personal-injury claims in the forum state, *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011)—here, two years, 735 ILL. COMP. STAT. 5/13-202. Because the two-year mark of March 9 fell on a Saturday, the time to commence the action was automatically extended to Monday, March 11. *See* FED. R. CIV. P. 6.

## II. Discussion

Farley argues that e-mail delivery of his complaint to the court clerk was sufficient under the federal rules to commence the action and stop the running of the statute of limitations. On these facts, we agree. When the local rules require counsel to e-mail the complaint to the court clerk to open an electronic case file, the e-mail submission of the complaint "delivers" it to the clerk, as required to commence a civil action under the Federal Rules of Civil Procedure. This tolls the statute of limitations even if the local rules require additional steps to complete the filing process.

The timeliness of an action based on federal-question jurisdiction turns on the date the action was commenced in accordance with Rule 3 of the Federal Rules of Civil Procedure. *See, e.g., West v. Conrail*, 481 U.S. 35, 39 (1987); *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 706 (7th Cir. 2007). This rule applies even where, as here, the limitations period must be borrowed from state law because the federal statute lacks its own statute of limitations. *See Conrail*, 481 U.S. at 39 & n.4 (noting that when the cause of action is based on state law, the state's rules for arresting the statute of limitations are applied out of respect for state substantive decisions, but "[t]his requirement, naturally, does not apply to federal-question cases").

Under Rule 3 "[a] civil action is commenced by filing a complaint with the court." Rule 5(d)(2), in turn, explains what "filing" means: "A paper is filed by delivering it … to the clerk." Rule 5 further provides that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." FED. R. CIV. P. 5(d)(4). More broadly, under Rule 83(a)(2), "[a] local

rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." FED. R. CIV. P. 83(a)(2).

Read together, these provisions instruct us that to determine when a "filing" has been made, "deliver[y] … to the clerk" is of paramount importance, and requirements of form—whether in the federal or local rules—are insufficient to disqualify a filing. Moreover, "local rules [and practice] … cannot defeat a right, which in this case is a right to arrest the running of the statute of limitations by filing a complaint in the district court, that is conferred by the national rules." *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001).

In *Robinson*, for example, the complaint was rejected by the clerk for failure to include either a filing fee or a motion to proceed *in forma pauperis*, yet we nonetheless treated it as timely filed. *Id.* We held that "[t]he complaint is 'filed' for purposes of [arresting a statute of limitations] when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like … ." *Id.* at 922–23. It is immaterial whether the form requirements of the local rule are explicitly authorized by federal law, as is the filing-fee requirement. *See* 28 U.S.C. § 1914(c) ("Each district court by rule or standing order may require advance payment of fees.").

There is no question in this case that e-mailing the complaint to the clerk was a proper way of delivering it. FED. R. CIV. P. 5(d)(2). Farley's attorney did not simply drop the complaint on the floor in the vicinity of the clerk's office or send an unsolicited e-mail to a court clerk unequipped to handle e-mailed complaints. To the contrary, the local procedures *required* that the complaint be e-mailed to a specific

e-mail address in the clerk's office, subject to very limited exceptions. SDIL CM/ECF User Manual § 4.0 (Sept. 2009). Although the local rules also required counsel to upload the complaint to CM/ECF to complete the filing process, the two-day delay in doing so was merely a defect in the form of filing under the local rules. *See United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008) (holding that submitting a document electronically instead of on paper as required by local rules was a "mere error of form"); *Farzana K.*, 473 F.3d at 707 (holding that filing a complaint electronically under the wrong docket number was a defect in form). And under Rules 5(d)(4) and 83(a)(2), that defect in form did not prevent the e-mail delivery of the complaint from being effective to stop the running of the statute of limitations.

The defendants argue that Rule 5(d)(4) doesn't apply when the clerk or an electronic filing system has not actually refused or rejected a tendered filing. In this case, the clerk received the tendered complaint on March 8, opened an electronic case file in CM/ECF, and instructed Farley's attorney to file his complaint electronically by uploading it into the system. That is, the clerk didn't *refuse* to accept the complaint. But a formal rejection of the tendered document isn't necessary for the substantive protection of Rule 5(d)(4) to be effective. The rule prevents litigants from inadvertently forfeiting their legal rights by mistakes in form regardless of whether the clerk has actually refused or rejected the tendered filing.

Indeed, we've applied the predecessor to Rule 5(d)(4) in a case in which the clerk did not reject the nonconforming filing. *See Harvey*, 516 F.3d at 556. The local rule at issue in *Harvey* required that a notice of appeal be filed "convention-

ally on paper." *Id.* The appellant submitted his appeal notice electronically; the clerk advised the appellant's counsel to file a paper copy, but he didn't do so until well after the appeal deadline had passed. *Id.* The electronic notice of appeal wasn't formally rejected, yet we applied then-Rule 5(e) (the predecessor to Rule 5(d)(4)) and held that the notice of appeal was timely. We also relied on Rule 83(a)(2), noting that dismissing the appeal would deprive the appellant of a substantive right based solely on a defect in form. *Id.* The same reasoning applies here.[3]

Finally, the defendants argue that Rule 5(d)(3) authorizes clerks to treat noncomplying electronic filings as invalid. Rule 5(d)(3) states, in pertinent part, that "[a] local rule may require electronic filing," although it may do so "only if reasonable exceptions are allowed." The defendants argue, in essence, that this rule confers on local rulemakers the authority to permit clerks to invalidate filings based on defects in form, overriding Rules 5(d)(4) and 83(a)(2). That's not a sound reading of the rule, which simply authorizes the creation of mandatory e-filing systems by local rule. Nothing in Rule 5(d)(3) alters substantive rights or displaces Rule 5(d)(4) or Rule 83(a)(2).

In holding that Farley's complaint was timely, we do not suggest that litigants are excused from following local e-filing rules. If Farley had not promptly come into compliance with the local requirements, the complaint could have been dismissed for failure to prosecute. FED. R. CIV. P. 41(b).

---

[3] *Harvey* was a criminal case, but the Federal Rules of Criminal Procedure expressly incorporate the civil rules pertaining to filing and service. *See* FED. R. CRIM. P. 49(b), (d).

We hold only that under Rule 5(d) a complaint is "filed" on the date it is delivered to the clerk, regardless of defects in form (including electronic defects), and under Rule 3 the action is "commenced" on that date, which tolls the running of the statute of limitations. *Farzana K.*, 473 F.3d at 706–08.

Here, the CM/ECF rules in effect at the time required Farley's counsel to e-mail the complaint to the clerk as the first step in the electronic-filing process.[4] Accordingly, the complaint was filed (i.e., "delivered") on the date it was transmitted to the clerk via e-mail. That occurred on March 8, 2013, so the complaint was timely filed.

VACATED AND REMANDED.

---

[4] As of early 2015, new civil cases filed by attorneys in the Southern District of Illinois must be opened directly on the CM/ECF system and cannot be opened by e-mailing the clerk. *See* SDIL CM/ECF User Manual § 4.0 (Jan. 2015). This is a step forward, eliminating the requirement that a complaint be submitted to the clerk twice. We note, however, that the protections of Rules 5(d)(4) and 83(a)(2) apply to the new e-filing regime. We've held as a general matter that these rules apply with equal force both to e-filing systems and human clerks. *See Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 708 (7th Cir. 2007) ("An e-filing system … must accept every document tendered for filing; it cannot reject any paper that the clerk must accept.").