**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided June 17, 2019

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1953

IN RE: PATRICK C. NOVAK,
    *Petitioner.*

## O R D E R

Novak is a U.S. citizen residing in Japan, where he alleges that he is a housebound disabled veteran. Novak intends to file a suit, ostensibly under the Federal Tort Claims Act, in the Southern District of Illinois to challenge a reduction in his veterans' disability benefits. The clerk's office has rebuffed his attempts to do so because Novak emailed the filings. The largest of these motions, one asking the district court to recruit counsel to file a complaint on his behalf, resembles a complaint in that it identifies defendants and includes allegations—"a *vast* conspiracy" to deny veterans' benefits—though the relief he seeks is a recruited attorney.

Under the district court's local rules, a *pro se* litigant who is "a party to a pending civil action" may seek leave to file electronically using CM/ECF, but that permission

---

[*] After examining the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2).

extends only to that action; *pro se* litigants must otherwise "file all documents with the Clerk of Court by U.S. Mail or personal delivery to the Clerk's Office." S.D. Ill. Elec. Filing R. 1–2; *see also* S.D. Ill. L.R. 5.1(c). Thus, the local rules prevent a *pro se* litigant from opening a case electronically. Rather, *pro se* litigants must file a complaint in paper form and thereafter move for leave to file subsequent documents electronically. The clerk's office explained all of this to Novak over email. Novak argued that he could not use the U.S. Mail from Japan, and in any event, use of the mail was unduly burdensome for someone, like him, who is housebound. When the clerk's office declined to upload the documents, he filed a petition for a writ of mandamus in this court and a motion for leave to amend that petition. He has also filed a motion to seal the appellate docket, for leave to proceed *pro se*, for a court-appointed attorney, and for leave to file *in forma pauperis*. For the following reasons, we will grant the motion to amend, deny the petition for a writ of mandamus, and deny Novak's remaining motions.

We begin with the petition for a writ of mandamus. In that petition, Novak argues that the district court did not have "any authority to reject motions for e-mail service," an argument he frames as a constitutional challenge. Three conditions must be satisfied before a writ of mandamus may issue. The party seeking the writ must (1) "have no other adequate means to attain the relief he desires," (2) show that his right to issuance is "clear and indisputable," and (3) satisfy the court that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004). "Mandamus is a drastic remedy traditionally used to confine a lower court to the lawful exercise of its jurisdiction or to compel it to exercise its authority when it has a duty to do so." *United States v. Lapi*, 458 F.3d 555, 560–61 (7th Cir. 2006).

Here, Novak asks us to direct the clerk's office—not the district court—to fulfill a duty (accept his electronically filed complaint). The All Writs Act, 28 U.S.C. § 1651, whereby courts of appeal derive their power to issue writs of mandamus, "empowers a federal court to issue writs of mandamus necessary to protect its prospective jurisdiction." *Telecom. Research & Action Ctr. v. F.C.C.* ("*TRAC*"), 750 F.2d 70, 76 (D.C. Cir. 1984); *see also id.* at 77 ("The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief."). Thus, appellate courts may issue writs of mandamus directed to a district court or, if vested with original authority to review final decisions by an administrative agency, may issue writs of mandamus to agencies. *See id* at 76.

Novak has filed his original petition for mandamus before us, not the district court. And if relief is available in the district court, then we must deny the petition for mandamus. *See Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants*, 17 F.3d 130, 133 (5th Cir. 1994). In *Ingalls*, the Fifth Circuit found that the district court has exclusive jurisdiction to consider a writ of mandamus directed against an agency director. The governing statute did not "extend to [the Fifth Circuit] original jurisdiction over the actions of the Director in the exercise of her administrative authority." *Id.* at 133. "Hence, review is not otherwise available in the court of appeals and thus, even under the reasoning of the *TRAC* court, there is no basis to defeat the mandamus jurisdiction of the district court under 28 U.S.C. § 1361." *Id.* (citing *TRAC*, 750 F.2d at 77–78).

28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The plain language of § 1361 seems to vest district courts with original jurisdiction over mandamus actions against clerk's office employees. After all, they are employees of the United States. *But see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979) ("Section 1361 seems to grant jurisdiction; but, if read literally, the language of § 1361 would allow a district court to issue mandamus directly against the [clerks of the Supreme Court]."). Several circuits have, however, found that a clerk's office is not an "agency," and thus district courts cannot issue writs of mandamus against it. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007); *Semper v. Gomez*, 747 F.3d 229, 250 (3d Cir. 2014). In finding that "[t]he context of the statute argues for, not against, exclusion of the judiciary from its compass," *Trackwell* emphasized that it would be "remarkable" for a "district court to issue a writ of mandamus against an equal or higher court." 472 F.3d at 1246; *see also Hubbard v. United States*, 514 U.S. 695, 700 & n.3 (1995) (analyzing the same statutory definition and finding that "'agency does not refer to a court," but expressing "no opinion whether any other entity within the Judicial Branch might be an 'agency.'").

This interpretational question is thorny. We agree that, contextually, § 1361 does not support district court mandamus jurisdiction over other courts (much less higher courts). But the relationship between a court and its own clerk's office is different. In *Borntrager v. Stevas*, the Eighth Circuit affirmed the district court's finding that it lacked mandamus jurisdiction under § 1361 of a suit directed against the Supreme Court clerk's office. 772 F.2d 419, 420 (8th Cir. 1985). The Eighth Circuit explained that "the plaintiff has a fully adequate alternative remedy, a motion directed to the Supreme Court seeking review of the defendant's conduct." *Id.* And although "no statute or rule

expressly authorizes the Justices to conduct such a review," "the Supreme Court's power over its clerks is inherent in the nature of the relationship between the two." *Id.* (quoting *Griffin v. Thompson*, 43 U.S. 244, 257 (1844) ("Can it be doubted that … it is the right and the duty of the court [when apprised of misconduct by an officer] to correct the irregularities of its officer, and to compel him to perform his duty? There is inherent in every court a power to supervise the conduct of its officers, and the execution of its judgments and process.")).

We find the Eighth Circuit's rationale persuasive. Regardless of whether § 1361 grants the district court original mandamus jurisdiction over this petition, the district court possesses inherent supervisory power over its clerk's office. Because an alternative remedy exists, we must deny mandamus relief.[1] *Id.* Novak may either file a petition with the district court or submit his complaint via physical mail.[2] We will deny his remaining motions without prejudice for the reasons expressed below.

**IT IS ORDERED** that the motion to file an amended petition for writ of mandamus is **GRANTED** to the extent that the panel considered the amended pro se petition.

**IT IS FURTHER ORDERED** that the motion to proceed pro se, and motion to proceed *in forma pauperis* are **DENIED.**

**IT IS FURTHER ORDERED** that the motion for recruitment of counsel is **DENIED**. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc); *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993). It is not necessary to recruit counsel to assist in resolving the issues raised in this petition.

**IT IS FURTHER ORDERED** that the petition for writ of mandamus is **DENIED**. Alternative remedies exist in the district court. Nor can this court construe the petition as a notice of appeal, because the district court has not issued an appealable order.

---

[1] Our analysis may change if Novak seeks relief from the district court and is rebuffed (by the clerk's office's refusal to docket any such request, for instance). *See Borntrager*, 772 F.2d at 420 n.3.

[2] For the reasons stated above, we do not reach the merits. We do note, however, a facial conflict between the local electronic filing rules and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008); *Farley v. Koepp*, 788 F.3d 681, 685 (7th Cir. 2015).

Petitioner may, at any time, file a complaint with the district court clerk through the proper means.

**IT IS FURTHER ORDERED** that the motion to seal is **DENIED** without prejudice. This court rarely permits a litigant to file an entire document under seal. Instead, petitioner must file a redacted copy of his petition for the public record. *In re Krynicki*, 983 F.2d74 (7th Cir. 1992) (Easterbrook, J., in chambers). Each redaction must be supported by a specific legal basis for secrecy. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002).

**IT IS FURTHER ORDERED** that the Seventh Circuit Clerk's Office is **DIRECTED** to transmit copies of this order to the Clerk of Court for the Southern District of Illinois and to Chief Judge Rosenstengel. Because no district court docket exists, unusual procedures are necessary.