**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1709**

─────────────

JAY FOLSE,

               Plaintiff – Appellant,

     v.

TIFFANY HOFFMAN, in her personal capacity; CHRISTIPHER COOK, in his personal capacity; JONATHAN STIPETICH, in his personal capacity; FRANCIS GORDON; MICHAEL BEAVER; HEATHER GORDON,

               Defendants – Appellees.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:23-cv-00212-JPB)

─────────────

Argued: September 25, 2024               Decided:  November 20, 2024

─────────────

Before AGEE, THACKER, and HEYTENS, Circuit Judges.

─────────────

Affirmed by published opinion. Judge Heytens wrote the opinion, which Judge Agee and Judge Thacker joined.

─────────────

**ARGUED:** Jeremy B. Cooper, BLACKWATER LAW, PLLC, Pittsburgh, Pennsylvania, for Appellant. Thomas E. Buck, BAILEY & WYANT, PLLC, Wheeling, West Virginia, for Appellees.

─────────────

TOBY HEYTENS, Circuit Judge:

Pro se litigant Jay Folse tried to start a lawsuit by faxing a complaint to a federal district court. The clerk stamped the complaint "filed," created an electronic docket for the case, and added the complaint to the docket. Two weeks later, the district court dismissed the complaint without prejudice, determining its local rules did not permit filing complaints by fax and declining Folse's request for permission to do so. We have appellate jurisdiction because the district court dismissed Folse's complaint "without prejudice and without granting leave to amend." *Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022) (en banc). Seeing no reversible error, we affirm.

\*      \*      \*

Federal Rule of Civil Procedure 5(d)(3)(B)(i) says pro se litigants may "file electronically only if allowed by court order or by local rule." The current rules do not define "file electronically." But a previous version of Rule 5 referenced "fil[ing] by facsimile *or other electronic means*." Fed. R. Civ. P. 5(e) (1994) (repealed 1996) (emphasis added). And when that language was removed, the Advisory Committee notes stated that "[f]acsimile transmission continues to be included as an electronic means." Notes of Advisory Committee on Rules—1996 Amendment. That conclusion—that filing by fax is a form of electronic filing—squares nicely with the plain meaning of "electronically," and Folse does not challenge it. For that reason, the relevant question is whether a local rule or court order "allowed" Folse to file a complaint via fax. We conclude the answer is no.

Folse relies mainly on one of the district court's local rules. That rule reads:

2

> As stated in LR Gen P 5.01, absent good cause, counsel shall file electronically in CM/ECF. However, other than a complaint or petition, when necessary a party may file a document by fax transmission. The Clerk of Court shall accept the document as filed if the filing and the document comply with these and other applicable rules and statutes.

N.D. W. Va. LR Gen. P. 5.05(a).

On first view, this rule seems to make Folse's position weaker, not stronger. The rule's second sentence says "a party" may sometimes file documents "by fax transmission" while specifically excluding "a complaint or petition" from such treatment. N.D. W. Va. LR Gen. P. 5.05(a). Folse is "a party" to this case. For that reason, the most straightforward reading of Local Rule 5.05(a) is that it forbade Folse from filing his complaint via fax.

Folse reads the rule differently. He notes that the rule's first sentence—which establishes a general rule requiring filing via CM/ECF—refers to "counsel" rather than to pro se litigants. Accord Fed. R. Civ. P. 5(d)(3)(A) (creating a general rule that "[a] person represented by an attorney must file electronically"); N.D. W. Va. LR Gen. P. 5.01 (similar). Invoking the principle that "adjacent statutory subsections that refer to the same subject matter should be read harmoniously," *Doe v. Cooper*, 842 F.3d 833, 844 (4th Cir. 2016) (quotation marks removed), Folse argues the words "a party" in Local Rule 5.05(a)'s next sentence should also be understood as applying only to represented parties.

That argument fails for several reasons. To begin, it flouts the interpretive principle that when drafters use "certain language in one part of" an enactment (here, 'counsel') and "different language in another" (here, 'a party'), "the court assumes different meanings were intended." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) (quotation marks removed). But even if counsel and party meant the same thing here, that still would not

3

help Folse. The question is not, as Folse asserts, whether Local Rule 5.05(a) prohibits only represented litigants from filing complaints by fax. As just explained, the Federal Rules of Civil Procedure already bar pro se litigants from fax filing *any* document unless "allowed" to do so by local rule. Fed. R. Civ. P. 5(d)(3)(B)(i). For that reason, it would not be enough for Folse to show that Local Rule 5.05(a) does not forbid him from filing his complaint by fax. Rather, Folse needs to identify a local rule that affirmatively authorized him to do so.

To be sure, the Federal Rules of Civil Procedure also say pro se litigants may file electronically "if allowed by court order." Fed. R. Civ. P. 5(d)(3)(B)(i). For that reason, the district court would have had discretion to permit Folse to file his complaint by fax. Accord N.D. W. Va. LR Gen. P. 89.01 (permitting district judges to "allow departures from these Local Rules when warranted by particular facts and circumstances"). But "a district court's application and interpretation of its own local rules should generally be reviewed for abuse of discretion," *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018), and Folse makes no argument that the district court committed a case-specific abuse of discretion by denying him leave to file electronically here. For that reason, any such claim is now forfeited. See, *e.g.*, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

Instead, Folse insists the district court's treatment of his case conflicts with Federal Rule of Civil Procedure 83(a)(2), which states that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." That argument fails several times over.

4

First, Rule 83(a)(2) is inapplicable. The baseline "requirement" here—*i.e.*, non-represented litigants may not file documents electronically unless permitted by a local rule or court order—comes from the Federal Rules of Civil Procedure rather than from a local rule. There was thus no "local rule" that was "enforced in a way that" caused Folse to lose any right that he otherwise would have had absent that rule. *Id.*

Second, the enforcement of the rule that pro se litigants have no general entitlement to file electronically did not cause Folse "to lose any right." Fed. R. Civ. P. 83(a)(2). The district court clerk did not refuse to accept Folse's document for filing, as happened in *Allen v. Atlas Box & Crating Co.*, 59 F.4th 145 (4th Cir. 2023), and certain out-of-circuit cases discussed in Folse's briefs. See, *e.g.*, *Farley v. Koepp*, 788 F.3d 681 (7th Cir. 2015). Instead, the district court dismissed the complaint without prejudice, which left the door open for refiling. See, *e.g.*, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). True, the statute of limitations would normally have run by the time the district court dismissed Folse's complaint because he submitted it on the last day of the relevant limitations period. But the timely delivery of Folse's complaint stopped the statute of limitations from running, see, *e.g.*, *Allen,* 59 F.3d at 148, and it appears Folse had another year to refile this action after the district court dismissed the complaint based on Folse's failure to file it in a proper manner. See *Owens v. Okure*, 488 U.S. 235, 236 (1989) (explaining that "courts entertaining claims brought under 42 U.S.C. § 1983"—the federal statute under which Folse brought suit—"should borrow the state statute of limitations for personal injury actions"); *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 116 (2013) ("[W]hen a federal statute is deemed to borrow a State's limitations period, the

5

State's tolling rules are ordinarily borrowed as well[.]"); W. Va. Code § 55-2-18(a) (providing a one-year refiling period for an action that "was involuntarily dismissed for any reason not based upon the merits of the action").

Third, Folse cannot show that any conceivable right he lost was "because of a *nonwillful* failure to comply" with the relevant rules. Fed. R. Civ. P. 83(a)(2) (emphasis added). "Willful" means "[d]one wittingly or on purpose, as opposed to accidentally or casually." *Willful*, Black's Law Dictionary (12th ed. 2024). Folse did not simply fax his complaint to the district court—he also filed a separate motion asking the court "to allow him to file the Complaint . . . by fax." JA 16. And this, in turn, suggests that Folse knew he could not file the complaint by fax absent permission to do so.

\* \* \*

"[T]rial courts are encouraged to liberally treat procedural errors made by *pro se* litigants." *Bauer v. Commissioner*, 97 F.3d 45, 49 (4th Cir. 1996). Rather than dismissing the complaint outright, the district court *could* have permitted Folse to file his complaint by fax or issued an order to show cause why the case should not be dismissed for failure to comply with the paper-document requirement. See *Farley*, 788 F.3d at 686 (noting that litigants who do not "promptly come into compliance" with local filing rules may have their cases dismissed for failure to prosecute). But no Federal Rule of Civil Procedure or local rule gave Folse the right to do what he did here, and he has not shown that the district court committed legal error or abused its discretion in declining to bend the normal rules for him. The district court's judgment is

*AFFIRMED.*

6